**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| DESIGN IDEAS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-3217 |
| | ) | |
| THE YANKEE CANDLE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Design Ideas, Ltd.'s
(Design Ideas) Motion for Leave to File Amended Complaint (d/e 13)
(Motion).  For the reasons set forth below, the Motion is ALLOWED.

Defendant, The Yankee Candle Company, Inc. (Yankee Candle),
responds to the Motion by asking for dismissal of the action and sanctions
in its memorandum of law filed in opposition to the Motion.  Opposition of
the Yankee Candle Company, Inc. to Motion for Leave to Amend
Complaint (d/e 14) (Opposition), at 1.  The request to dismiss is not
properly before this Court.  A request for a court order, such as an order of
dismissal, must be made by motion, not in a brief in opposition.  Fed. R.
Civ. P. 7(b).  Yankee Candle also relies on matters outside the pleadings to

support its request for dismissal.  <u>Opposition, Exhibits A-K</u>; <u>Sur-Reply of the Yankee candle Company, Inc. In Opposition to Motion for Leave to Amend Complaint (d/e 17) (Sur-reply), Exhibits L-M</u>.  A request to dismiss a claim based on matters outside the pleadings that are not excluded by the Court must be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  Yankee Candle is directed to comply with the Local Rule 7.1(D) if it wishes to file a summary judgment motion.  The Court will consider Yankee Candle's arguments as a basis for its opposition to the Motion, but will not address their inappropriate requests herein.

BACKGROUND

Design Ideas alleges that it has designed and owns the copyright to original glass sculptures intended to be used as decorative votive candle holders.  Design Ideas named the sculptures "Regatta" sculptures.   Design Ideas alleges in the original Complaint that it registered its copyright in the Regatta sculptures:

> Design Ideas applied to register its copyrights in its Regatta sculptures with the United States Copyright Office on February 27 and August 30, 2006, ultimately receiving Registration No. VA 1-427-637.  A true and correct copy of Design Ideas' said copyright registration and pertinent pages from the deposit / identifying material is filed herewith, marked as Exhibit A, and made by reference a part hereof.

<u>Complaint (d/e 1)</u>, ¶ 8.  Exhibit A attached to the Complaint contains the copyright registration VA 1-427-637 ('637 Registration) and the page from

the Spring 2006 catalog deposited with the registration that contains a picture of the Regatta sculptures. Parts of the sails on the Regatta sculptures depicted in the catalog pages attached to the Complaint are pastel shades of blue, orange, and yellow. Complaint, Exhibit A.

The proposed amendment adds a footnote to the quoted paragraph 8:

> [1] Design Ideas' February 27, 2006, application for an earlier Regatta sculpture with white translucent sail was refused registration on March 6, 2006 (Control No. 61-406-9290 (S)). Pursuant to 17 U.S.C. § 411(a), Design Ideas gave notice of this action to the Copyright Office, which has now declined to intervene. Design Ideas respectfully disagrees with the Copyright Office regarding the registrability of the subject works. Design Ideas' '637 registration is for the 3-D sculpture, 2-D artwork, photography and text first published in its Spring 2006 catalog, . . . .

Motion, attached Proposed First Amended Complaint, at 3, n.1. The proposed First Amended Complaint is not otherwise materially different from the original Complaint. Yankee Candle opposes the proposed amendment.

## ANALYSIS

Requests for leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). This Court may only deny a request to amend the motion if: (1) the amendment would cause undue delay or undue prejudice to Yankee Candle; (2) Design Ideas repeatedly failed to

cure deficiencies by prior amendments; (3) Design Ideas is acting out of bad faith or dilatory motives; or (4) the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).

After careful consideration, the Court finds no basis to deny the request for leave to amend. The proposed footnote alleges that Design Ideas filed an application on February 27, 2006, to register its copyright in a white translucent Regatta sculpture which was denied (9290(S) Denial), and that Design Ideas gave notice to the Copyright Office of this action. A party may bring an action for copyright infringement after a copyright registration application is denied, but must give the Register of Copyright notice of the action. 17 U.S.C. § 411(a). The Register of Copyrights may intervene, but is not required to do so. Id. After the proposed amendment, Design Ideas alleges, as before, that it has a copyright in the Regatta sculptures and that the copyright was registered copyright under the '637 Registration, but the new footnote provides additional information regarding the 9290(S) Denial and Design Ideas' notice to the Register of Copyrights under § 411(a).

Yankee Candle asserts that Design Ideas is seeking to amend the Complaint in bad faith and for a dilatory motive, and that the amendment would cause undue prejudice to Yankee Candle. Yankee Candle argues that Design Ideas is acting in bad faith and for a dilatory motive because

the 9290(S) Denial establishes as a matter of law that Design Ideas has no copyright in the Regatta sculptures.  Yankee Candle argues that it will be unduly prejudiced by the amendment because any continuation of this action will cause it undue expense and harm.  The Court disagrees.

To state a claim for copyright infringement, Design Ideas must allege that it owns the copyright and that Yankee Candle wrongfully copied the protected elements of the copyrighted material.  Feist Publications, Inc., v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991); Wildlife Exp. Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 507 (7th Cir. 1994).  Design Ideas alleges that it owns the copyright in the Regatta sculptures.  Complaint, ¶¶ 6-7.  Design Ideas further alleges that its copyright is registered by virtue of the '637 Registration.  Id. ¶ 8.  Design Ideas alleges that Yankee Candle has wrongfully copied the protected elements of the Regatta sculptures.  Id. ¶¶ 9-12.  The proposed amendment does not change the allegations.  Furthermore, none of the documents submitted by the parties indicates that the '637 Registration is invalid.  The documents indicate that the validity of the '637 Registration is currently under reconsideration, but no final decision has been made.  Opposition, Exhibit J, Letter from John Ashley, Chief, Visual Arts & Recordation Division, U.S. Copyright Office, to Garfield Goodrum, dated February 8, 2011; Plaintiff's Reply to Defendant's Opposition to Motion for Leave to Amend Complaint

(d/e 15), attached <u>Declaration of Garfield Goodrum, ¶ 4 and Declaration Exhibit D, Letter from Garfield Goodrum to John Ashley dated March 7, 2011</u>.  Design Ideas, thus, still may allege that its copyright is registered under the '637 Registration.  The proposed amendment does not demonstrate bad faith, dilatory motive, or undue prejudice.

Furthermore, Design Ideas may still state a claim for copyright infringement even if the Copyright Office ultimately invalidates the '637 Registration.  Section 411(a) of the Copyright Act states that an applicant that is denied copyright registration may still bring an action for infringement if the applicant gives the Register of Copyrights notice of the action.  The proposed amendment alleges that Design Ideas provided this notice.

Yankee Candle also argues Design Ideas is acting in bad faith because the findings by the Copyright Office establish that Design Ideas has no copyright in the Regatta sculptures.  The Court disagrees.  As Yankee Candle concedes, the findings of the Copyright Office are not controlling in this Court.  <u>Sur-reply</u>, at 2, n.2.  Thus, the 9290(S) Denial and any subsequent factual findings by the Copyright Office, at best, create an issue of fact at the pleading stage regarding the validity of Design Ideas' copyright claim.  Yankee Candle argues that the Copyright Office is entitled to deference by this Court.  <u>Id.</u> (citing <u>Norris Industries, Inc. v. International</u>

Tel. & Tel. Corp., 696 F.2d 918, 922 (11th Cir. 1983); Paul Morelli Design, Inc. v. Tiffany & Co., 200 F.Supp.2d 482, 485 (E.D.Pa. 2002)). Deference to an agency factual finding, however, does not resolve a factual issue at the pleading stage. The cases on which Yankee Candle relies were decided at summary judgment or at trial. Norris Indus., Inc., 696 F.2d at 919 (decided at summary judgment); Paul Morelli Design, Inc., 200 F.Supp.2d at 483 (decided at trial). The findings of the Copyright Office were not a basis for dismissal at the pleading stage in either of these cases.

Yankee Candle also asks for sanctions in the form of attorney fees pursuant to 28 U.S.C. § 1927. Section 1927 authorizes the Court to impose sanctions on a person who "multiplies the proceedings in any case unreasonably and vexatiously," by ordering the person to pay excess costs and attorney fees incurred by the other parties in the case as a result of the vexatious conduct. The Court sees no basis for the sanctions request. Design Ideas alleges it has a copyright in the Regatta sculptures registered in the '637 Registration. Design Ideas alleges that Yankee Candle infringed on that copyright. The proposed amendment alleges that the Copyright Office issued the 9290(S) Denial on a prior copyright application of the white translucent sculpture and Design Ideas gave the required notice of this action to the Register of Copyrights. Design Ideas is not

alleging that its copyright was registered under the application that was denied in the 9290(S) Denial.

Even if the 9290(S) Denial controls the validity of the registration of Design Ideas' alleged copyright, the proposed amendment alleges that Design Ideas would be entitled to bring this action because it gave the required notice. 17 U.S.C. § 411(a). The Court sees nothing vexatious when § 411(a) authorizes a registration applicant to bring an infringement claim even if a copyright registration application is rejected. The request for sanctions under § 1927 is respectfully denied.

Yankee Candle may or may not have a basis to seek summary judgment, or some other relief, based on the 9290(S) Denial and subsequent proceedings before the Copyright Office. The Court does not decide or comment on such issues. Yankee Candle should raise those issues properly by motion in accordance with the Federal Rules and the Local Rules. Given the liberal amendment policies embodied in Rule 15, however, the Court finds no basis to deny the requested amendment.

WHEREFORE, Plaintiff Design Ideas, Ltd.'s Motion for Leave to File Amended Complaint (d/e 13) is ALLOWED. Plaintiff is directed to file the proposed First Amended Complaint by May 18, 2011. Defendant is directed to answer or otherwise plead by June 8, 2011. Defendant's

request for sanctions is DENIED.  Defendant's request to dismiss the case

is not properly before the Court.


ENTER: May 12, 2011


_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE