## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| DESIGN IDEAS, LTD., an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 10-CV-3217 |
| | ) | |
| THE YANKEE CANDLE COMPANY, INC., a Massachusetts corporation, | ) | |
| | ) | |
| Defendant . | ) | |

### OPINION

This case is before the court for ruling on the Motion for Attorney Fees (#60) filed by Defendant, the Yankee Candle Company, Inc., the Motion to Reconsider Summary Judgment Pursuant to Rule 59(e) (#61) filed by Plaintiff, Design Ideas, Ltd., and Motions to Correct (#62, #68) filed by Plaintiff.  Following this court's careful consideration of the arguments of the parties and the exhibits provided by the parties, Plaintiff's Motions to Correct (#62, #68) are GRANTED, Plaintiff's Motion to Reconsider (#61) is DENIED, and Defendant's Motion for Attorney Fees (#60) is GRANTED.

### BACKGROUND

Plaintiff commenced this action on August 24, 2010.  Plaintiff alleged that Defendant had distributed glass sculptures which copied nearly exactly Plaintiff's Regatta sculptures.  Plaintiff alleged that Defendant's acts constituted willful infringement of its copyrights.  On August 9, 2012, this court entered an Opinion (#58) and granted Defendant's Motion for Summary Judgment.  This court carefully considered the arguments and exhibits presented,

including a set of three sherbet-colored Regatta sculptures provided by Plaintiff as a conventional exhibit.  The set consisted of three sailboat shaped sculptures, each of which was a different size and color and had a uniformly sized tea light holder for a base.  This court then concluded: (1) that the consistent, well-reasoned decisions of the Copyright Office that Plaintiff's Regatta sculptures were not entitled to copyright protection should be given deference by this court; (2) that the Regatta sculptures were shaped to hold tea lights and, therefore, were useful items; and (3) even if the sailboat shapes attached to the tea light holders were separable from the utilitarian function, the sailboat shapes were not sufficiently creative to be copyrightable.  This court stated that "the sailboat shape is a familiar, well-known shape so that decisions regarding curve, size, color, and number included in a set do not make the product sufficiently original so that the work is copyrightable."  This court cited <u>Satava v. Lowry</u>, 323 F.3d 805, 811-12 (9th Cir. 2003), a case involving glass-in-glass jellyfish sculptures, to illustrate this court's conclusion that the Regatta sculptures were not sufficiently creative to merit copyright protection.

PENDING MOTIONS

I.  MOTION TO RECONSIDER

On September 6, 2012, Plaintiff filed a Motion to Reconsider Summary Judgment Pursuant to Rule 59(e) (#61).  Plaintiff attached a Memorandum in Support which was mis-named as a "Motion."  On September 7, 2012, Plaintiff filed a Motion to Correct Filing (#62).  Plaintiff stated that, by mistake, what should have been labeled and filed as a Memorandum of Law in Support of the Motion was filed as an Exhibit to the Motion.

2

Plaintiff attached a Memorandum of Law and stated that the only difference between this document and what was previously filed was the heading and some minor corrections. Plaintiff's Motion to Correct Filing (#62) is GRANTED.  This court has considered the Memorandum of Law attached to the Motion to Correct Filing in ruling on Plaintiff's Motion to Reconsider.  On September 24, 2012, Defendant filed its Opposition (#67) to the Motion to Reconsider.

In order to prevail on a Rule 59(e) motion, a plaintiff must clearly establish that there has been a manifest error of law or fact, or that newly discovered evidence precludes entry of judgment.  Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006); see also Seng-Tiong Ho v. Taflove, 648 F.3d 489, 505 (7th Cir. 2011).  "A 'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000), quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997).  Therefore, it is not enough for a party to take "umbrage with the court's ruling and rehash[] old arguments."  Oto, 224 F.3d at 606.  This is because a Rule 59(e) motion does not give parties a "second chance" to prevail on the merits.  Hutcherson v. Krispy Kreme Doughnut Corp., 803 F. Supp. 2d 952, 956 (S.D. Ind. 2011), citing Fannon v. Guidant Corp., 583 F.3d 995, 1002 (7th Cir. 2009).  A judgment shall be altered or amended under Rule 59(e) in the limited circumstances where a court: "(1) patently misunderstood a party[;] or (2) made a decision outside the adversarial issues presented; or (3) made an error not of reasoning but of apprehension."  County Materials Corp. v. Allan Block Corp., 436 F. Supp. 2d 997, 999

3

(W.D. Wis. 2006), citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990); see also Hutcherson, 803 F. Supp. 2d at 956.

Plaintiff argues that this court "misapprehended and misunderstood [Plaintiff's] asserted works in suit and misapplied the Seventh Circuit's precedent applicable to the case." Plaintiff argued that, when correctly apprehended, and under the applicable Seventh Circuit law, both the frosted white 3-sculpture sailboat set and the sherbet-colored 3-sculpture sailboat set are sufficiently original to have garnered copyright protection upon their creation and fixation by Plaintiff, the Copyright Office's registration refusals notwithstanding. Specifically, Plaintiff insists that this court did not "appear to have apprehended or analyzed [Plaintiff's] said works as sets of three, and rather analyzes single, sculptural units." This court does not agree. Instead, this court agrees with Defendant that this court did not misapprehend the sculptures at issue and properly considered all of Plaintiff's arguments that its sculpture sets were entitled to copyright protection. This court also agrees with Defendant that its Opinion makes it clear that this court carefully examined the sherbet-colored set of sculptures provided by Plaintiff and was well aware that the sculptures were designed in sets of three.

Next, Plaintiff argues that this court improperly relied on the "scenes a faire" doctrine in reaching its conclusion that the sculpture sets were not sufficiently original to warrant copyright protection. "The doctrine of *scénes á faire* (French for 'scenes for action') prohibits copyright protection in elements or themes that are 'so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish one work within a class of

4

works from another.'" <u>Schrock v. Learning Curve Int'l, Inc.</u>, 586 F.3d 513, 522 n.5 (7th Cir. 2009), <u>quoting</u> <u>Bucklew v. Hawkins, Ash, Baptie & Co., LLP</u>, 329 F.3d 923, 929 (7th Cir. 2003).   This doctrine has mainly been applied in the film, television, and video contexts. <u>Eagle Servs. Corp. v. H2O Indus. Servs., Inc.</u>, 2005 WL 2406041, at *8 (N.D. Ind. 2005).

Plaintiff has argued that the Seventh Circuit has clearly instructed that *scénes á faire* analysis is not to be used in determining copyright validity, but rather is reserved in determining liability as a limiting doctrine in the substantial similarity analysis, <u>citing</u> <u>Reed-Union Corp. v. Turtle Wax, Inc.</u>, 77 F.3d 909, 913-14 (7th Cir. 1996).  It is certainly true that the Seventh Circuit stated in <u>Reed-Union Corp.</u> that the "difference between the ***scénes á faire*** doctrine and copyright invalidity is vital to maintain."  <u>Reed-Union Corp.</u>, 77 F.3d at 914 (emphasis in original).[1]

However, Plaintiff has acknowledged that this court did not say it was applying the *scénes á faire* doctrine in its Opinion.  Plaintiff nevertheless insists that this court actually rested its decision on this doctrine.  Plaintiff contends that this is shown by this court's citation of <u>Satava</u>, which, according to Plaintiff, is a well known Ninth Circuit *scénes á faire* case.[2]  This court agrees with Defendant that this court clearly held that the sculptures at issue are not entitled to copyright protection because, to the extent they are conceptually

---

[1] It has been recognized that there is some disagreement as to whether the doctrine of *scénes á faire* figures into the issue of copyrightability or is more properly a defense to infringement.  <u>See</u> <u>Forest River, Inc. v. Heartland Recreational Vehicles, LLC</u>, 753 F. Supp. 2d 753, 761 (N.D. Ind. 2010), <u>citing</u> 4 - 13 <u>Nimmer</u> §§ 13.03[B][3], 13.03[B][4]; <u>see also</u> <u>Eagle Servs. Corp</u>, 2005 WL 2406041, at *6 n.2.

[2] This court notes that, in <u>Satava</u>, the Ninth Circuit made only a brief mention of the *scénes á faire* doctrine in a footnote.

separable, they do not contain sufficient originality.  This court did not rely on the *scénes á faire* doctrine in reaching this conclusion.  This court further concludes that its reference to <u>Satava</u> supports its conclusion that the Regatta sculpture sets are not sufficiently original to warrant copyright protection and does not support Plaintiff's argument that this court improperly based its decision on the doctrine of *scénes á faire*.  This court agrees with Defendant that this court cited <u>Satava</u> to emphasize that even the selection of various elements together can still lack the quantum of originality needed to merit copyright protection.  <u>See</u> <u>Satava</u>, 323 F.3d at 811-12.

This court concludes that Plaintiff has not shown that it is entitled to relief under Rule 59(e).  Accordingly, Plaintiff's Motion to Reconsider (#61) is DENIED.

## II.  MOTION FOR ATTORNEY FEES

### A.  PARTIES' FILINGS

On August 24, 2012, Defendant filed a Motion for Attorneys' Fees, Expenses and Costs (#60).  Defendant first argued that, as the prevailing party, it is entitled to its attorneys' fees and expenses under the Copyright Act.  Defendant also argued that 28 U.S.C. § 1927 provided an additional basis for an award of attorneys' fees because Plaintiff's intentional failure to disclose to both this court and Defendant that its copyright application for the sculptures had been rejected by the Copyright Office prolonged this litigation and directly resulted in Defendant incurring unnecessary fees.  Defendant argued that it is entitled to $108,522.00 in attorneys' fees and $342.50 in expenses.  Defendant also argued that it is entitled to $25.96 in costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure.

Defendant attached the affidavit of one of its attorneys, Jacqueline Criswell, in support of its Motion for Attorneys' Fees, Expenses and Costs.  In her affidavit, Criswell stated that she graduated from law school in 1981 and has been in private practice since that date. Criswell stated that, for at least the last 20 years, her practice has focused on litigation of intellectual property matters throughout the country, including trademark, copyright, patent and trade dress cases.  Criswell stated that she is a partner in the law firm of Tressler LLP in its Chicago office and is the head of Tressler's Intellectual Property Practice.  Criswell stated that she is lead counsel for Defendant.  Criswell stated that her customary hourly rate for copyright infringement matters ranges from $295-$400 per hour.  She stated that the rate for senior partners and associates that worked in this case was originally $295 and $205 respectively, as negotiated with Defendant's insurance carrier.  Criswell stated that this rate was modified beginning in June 2011 to $280 and $255 per hour respectively, based upon subsequent negotiations with the insurance carrier.  Criswell stated that the hourly rates for law clerks and paralegals who worked on this case were $110 and $90 respectively.  Criswell stated that "[t]hese rates are reasonable and, at a minimum, reflect the prevailing market rate for similar services by attorneys, law clerks and paralegals of reasonably comparable skills, experience, position and reputation within both the Chicago community and the Central District."  Criswell further stated that the "rates also are below the actual billing rates of the attorneys who worked on the instant case for comparable copyright infringement matters" and that "Tressler accepted these billing rates in the instant case as an accommodation to [Defendant] and its insurance carrier."

7

Criswell then named other attorneys who worked on this case along with an explanation of their background and experience.  Attached to Criswell's affidavit were billing records submitted to Defendant's insurance carrier setting out the time billed by attorneys, law clerks and paralegals.  Each entry included a detailed explanation of the work performed, the time spent and the amount charged.  The billing records showed that the total amount of attorneys' fees billed in this case was $108,522.00.  Criswell stated that the "fees fairly reflect the skill and standing of the professionals employed; are appropriate, given the nature of the action, the complexity of the subject matter and the damages sought by [Plaintiff]; accurately reflect each professional's degree and responsibility in the management of this case and the time and labor expended; are substantially below the usual and customary charges for this type of work in the community and are reasonable in light of the benefit resulting to the client."

Criswell also attached documentation in support of the request for $342.50 in expenses and $25.96 in costs.  The expenses included $40.00 for a trademark vendor search, $289.00 for a filing fee with the Copyright Office, and $13.50 for a Copyright Office vendor fee.  Criswell stated that the itemizations "accurately reflect the out-of-pocket expenses incurred in litigating this matter."  The amount requested for costs was for the cost of making copies which Criswell stated accurately reflected the taxable costs incurred in this litigation.

On September 10, 2012, Plaintiff filed its Response to Defendant's Motion for

Attorneys' Fees, Expenses and Costs (#63) and a Memorandum in Support (#65).[3]  Plaintiff

argued that this court should exercise its discretion and deny Plaintiff's request for attorneys'

fees and expenses and should only award costs in the amount of $25.96.  In making this

argument, Plaintiff argued that attorneys' fees should not be awarded under the Copyright

Act because Plaintiff "presented a reasonable claim" which was not frivolous, citing Eagle

Servs. Corp. v. H2O Indus. Servs., Inc., 2007 WL 1042138 (N.D. Ind. 2007).  Plaintiff cited

Eagle Servs. Corp., 2007 WL 1042138, numerous times in support of its argument that

attorneys' fees should not be awarded under the Copyright Act.  Plaintiff also argued that

attorneys' fees should not be awarded under 28 U.S.C. § 1927.  Plaintiff argued that its

comportment, and that of its counsel, "has been completely honest, in good faith and above

board and well above the standards for awarding fees, costs pursuant to Section 1927."

Plaintiff argued that a "fair reading of the record shows that Plaintiff did not unreasonably

delay the case and Plaintiff's Counsel did not do anything warranting sanctions."

      Plaintiff also argued that, if attorneys' fees are awarded, the amount requested is

excessive.  Plaintiff argued that Defendant did not submit sufficient evidence to show that

the hourly rates sought are reasonable.  Plaintiff also submitted a lengthy argument

challenging a long list of the work performed by Defendant's attorneys.  Plaintiff contended

that many of the tasks detailed in the billing records were not relevant to the case, were

duplicative of work already performed, were duplicative of work performed by other

---

[3] Plaintiff first argued that Defendant's request would be moot if this court granted its
Motion to Reconsider.  Because this court has denied Plaintiff's Motion to Reconsider, this court
does not need to address this argument.

attorneys, were not necessary, were work that was secretarial in nature and did not need to be performed by an attorney, involved redundant research or were excessive and unreasonable.[4] Plaintiff asked this court to reduce the hourly rates by 35% and to reduce the hours awarded by 277.6 hours.

Plaintiff attached the affidavit of Andy Van Meter, Plaintiff's president, in support of the Response. Van Meter set out his life story, Plaintiff's history including a recitation of recent problems due to the "economic realities of today" and the fact that he was "shocked" and "stunned" by Defendant's actions in copying Plaintiff's Regatta sculptures and this court's ruling that the Regatta sculptures are not entitled to copyright protection. Van Meter stated that "the situation threatens the viability of our company." Van Meter also stated that Plaintiff "did not want this fight" and "would have settled at the very beginning" if Defendant would have disclosed requested information regarding sales figures and costs related to Defendant's sailboat sculptures, which Defendant refused to do.

On September 24, 2012, Defendant filed a Motion for Leave to File Reply (#66) and attached its proposed Reply and supporting exhibits. This court granted the Motion on September 25, 2012, and Defendant's Reply (#70) was filed on September 26, 2012. In its Reply, Defendant argued that Plaintiff's Response to the Motion for Attorneys' Fees was rife

---

[4] This court notes that Plaintiff complained that some of the billing entries were "duplicative" and also challenged others as "duplicitous." The term "duplicative" is the adjective form of "duplicate," which indicates doing the same thing more than once. However, the term "duplicitous" is defined by Black's Law Dictionary, 7th ed., as "deceitful, double-dealing." This court is confident that Plaintiff meant to describe the challenged billing entries as billing for the same thing more than once and not as "deceitful." Therefore, this court will use the word "duplicative" to describe Plaintiff's challenges to billing entries made by Defendant's attorneys.

with irrelevant statements and improper legal conclusions and inferences, unsupported by any admissible evidence, in an attempt to influence and prejudice the court against Defendant. Defendant argued that the same was true of Van Meter's affidavit. Defendant also pointed out that Plaintiff misrepresented the law on awarding attorneys' fees under the Copyright Act. Defendant noted that Plaintiff relied on a district court case which had been reversed by the Seventh Circuit. See Eagle Servs. Corp. v. H2O Indus. Servs., Inc., 532 F.3d 620 (7th Cir. 2008), reversing Eagle Servs. Corp., 2007 WL 1042138. Defendant further noted that the Seventh Circuit held that if a defendant prevailed in a copyright suit, "it is presumptively entitled to an award of its reasonable attorneys' fees." Eagle Servs. Corp., 532 F.3d at 624.

Defendant also argued that the case law cited by Plaintiff actually supports Defendant's position that it has shown that the hourly rates it is seeking for attorneys' fees are appropriate and reasonable. Defendant argued that many of Plaintiff's criticisms of the time spent by Defendant's attorneys were not sufficiently descriptive to understand the objection. Defendant did provide a thorough explanation for some of the work performed that was challenged by Plaintiff as duplicative or unreasonable. Defendant argued that Plaintiff's objections were not well founded and in many instances were simply judgment calls. Defendant also argued that it was forced to research numerous legal issues based on Plaintiff's representation that it owned a valid copyright in the sculptures at issue when, in fact, that was not the case. In addition, Defendant argued that it had grounds to obtain a fee award under § 1927 because Plaintiff not only intentionally misrepresented to Defendant and

this court that it had a copyright registration in the sculptures at issue but also failed to disclose that the Copyright Office had, in fact, refused to register those sculptures.

Defendant attached the supplemental affidavit of Jacqueline Criswell.  Criswell stated:

> Each month, I carefully scrutinize all time entries billed in this matter.  I make sure the entries are complete and in those instances when an attorney has spent additional time performing a task as part of a learning curve or if the task just took more time than it typically should, I have cut that time.

Criswell stated that the billing records filed in this case were issued after cut time was deducted.  Criswell stated that $7,396 was cut before the billing statements were finalized. Criswell stated that the billing entries in this case are reasonable, not duplicative and not excessive.  Defendant also attached additional detailed billing records showing that it incurred a total of $10,974.50 in attorneys' fees and costs in litigating the fee petition since the filing of its Motion for Attorneys' Fees, Expenses and Costs.

On September 25, 2012, Plaintiff filed a Motion to Correct Citation (#68).  Plaintiff stated that, in citing Eagle Servs. Corp., it inadvertently failed to cite that the district court opinion was reversed by the Seventh Circuit in Eagle Servs. Corp., 532 F.3d 620 (7th Cir. 2008).  Plaintiff also stated that "[a]lthough the Seventh Circuit reversed the District Court, it did so for a reason that does not impact the applicability of the underlying analysis for this case."  Plaintiff asserted that the Seventh Circuit determined in Eagle Servs. Corp. that attorneys' fees should have been awarded because the plaintiff had acted in bad faith and the

12

case was frivolous.  Plaintiff argued that, unlike Eagle Servs. Corp., this case was not frivolous and involved difficult areas of copyright law.  Plaintiff attached the declaration of its counsel, Garfield Goodrum, who provided a litany of reasons for his failure to determine that a case cited in support of Plaintiff's argument had been reversed by the Seventh Circuit. Goodrum apologized for making such an obvious error.  However, Goodrum also stated that "[d]espite my accidental citation error, [Plaintiff's] reasoning, argument and other citation is correct and rebuts the fees presumption in this case."

On September 26, 2012, Defendant filed its Response to Plaintiff's Motion to Correct Citation (#69).  Defendant argued that both the Motion and Goodrum's declaration improperly contain argument.  Defendant argued that Plaintiff's assertion that the Seventh Circuit's reversal in Eagle Servs. Corp., did not reverse the underlying analysis of the district court is simply not true.  Defendant argued that the Seventh Circuit found that the district court analysis was wrong and explained in detail that an award of fees to a defendant under the Copyright Act does not require a showing that the suit was frivolous.  Defendant argued that the strength of Plaintiff's case was marginal at best because the Copyright Office had repeatedly rejected Plaintiff's attempts to obtain copyright protection for the sculptures at issue and because Defendant prevailed on summary judgment.  Defendant also argued that Plaintiff did not act in good faith because it misrepresented that it had a copyright registration in the sculptures at issue and intentionally failed to disclose that the Copyright Office had refused to register the sculptures.  Defendant asks this court to either deny Plaintiff's Motion or to disregard those portions of the Motion and attached declaration which contained

additional argument.

## B.  ANALYSIS

Plaintiff's Motion to Correct Citation (#68) is GRANTED.  However, this court agrees with Defendant that Plaintiff has not accurately analyzed the decision of the Seventh Circuit in Eagle Servs. Corp..

"The Copyright Act authorizes a court to award a reasonable attorney's fee to the prevailing party in a copyright suit."  Eagle Servs. Corp., 532 F.3d at 621, citing 17 U.S.C. § 505.  The decision whether to award attorney's fees to prevailing parties is committed to the district court's discretion.  See Fogerty v. Fantasy, Inc., 510 U.S. 517, 523-24 (1994); Tillman v. New Line Cinema Corp., 2008 WL 5427744, at *3 (N.D. Ill. 2008), aff'd, 374 Fed. Appx. 664 (7th Cir. 2010).  The United States Supreme Court has stated that, unlike the rule in an employment discrimination case where the plaintiff is presumptively entitled to his attorney's fees if he wins but the defendant only if the suit was frivolous, in copyright suits "[p]revailing plaintiffs and prevailing defendants are to be treated alike."  Fogerty, 510 U.S. at 534.  The Seventh Circuit has held that the "two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained."  Assessment Techs. of Wis., LLC v. WIREdata, Inc., 361 F.3d 434, 436 (7th Cir. 2004).  The Seventh Circuit stated:

> When the prevailing party is the defendant, who by definition
>
> receives not a small award but no award, the presumption in

14

favor of awarding fees is very strong . . . [f]or without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights.

Assessment Techs., 361 F.3d at 436; see also FM Indus., Inc. v. Citicorp Credit Servs., Inc., 614 F.3d 335, 339-40 (7th Cir. 2010); Riviera Distribs., Inc. v. Jones, 517 F.3d 926, 928 (7th Cir. 2008) (presumption that prevailing defendant is entitled to fees applies whether case is dismissed, court grants summary judgment or defendant obtains a jury verdict in its favor).

In Eagle Servs. Corp., the district court refused to award attorney's fees "on the ground that the suit was not frivolous and had not been filed in bad faith and that the standards for what the parties call an 'indirect profits' suit are vague." See Eagle Servs. Corp., 532 F.3d at 623. The Seventh Circuit stated that the "court was wrong on all three counts, but even if it had been right it would not have been justified in refusing to award fees." Eagle Servs. Corp., 532 F.3d at 623. The court recognized that the presumption in favor of awarding attorney's fees to a prevailing defendant is very strong. Eagle Servs. Corp., 532 F.3d at 624. The court then stated:

If there is an asymmetry in copyright, it is one that actually favors defendants. The successful assertion of a copyright confirms the plaintiff's possession of an exclusive, and sometimes very valuable, right, and this gives it an incentive to spend heavily on litigation. In contrast, a successful

> defendant *against* a copyright claim, when it throws the
> copyrighted work into the public domain, benefits all users of
> the public domain, not just the defendant; he obtains no
> exclusive right and so his incentive to spend on defense is
> reduced and he may be forced into an unfavorable settlement.

Eagle Servs. Corp., 532 F.3d at 625 (emphasis in original).  The court then determined that the presumption that the prevailing defendant is entitled to an award of attorney's fees was not rebutted in that case.  Eagle Servs. Corp., 532 F.3d at 625.

Based upon the applicable case law, the question before this court is whether Plaintiff has rebutted the very strong presumption that Defendant is entitled to an award of its reasonable attorneys' fees.  This court concludes that Plaintiff has not rebutted the presumption.  This court agrees with Defendant that the strength of its case was obvious, based upon the Copyright Offices' rulings against Plaintiff and this court's ruling in Defendant's favor at the summary judgment stage.  See Ho v. Taflove, 2010 WL 5313477, at *1 (N.D. Ill. 2010).  Plaintiff brought the law suit, and continued it, even though the Copyright Office rejected its attempts to obtain copyrights for the sculptures at issue.  This court also notes that it agrees with Defendant that Plaintiff was less than forthcoming with Defendant, and this court, regarding the decisions by the Copyright Office that Plaintiff's Regatta sculpture sets were not entitled to copyright protection.  This court concludes that Defendant is entitled to an award of attorneys' fees under the Copyright Act.

This court must therefore compute the reasonable attorneys' fees to be awarded to

16

Defendant. "When determining the reasonableness of attorneys' fees, a 'lodestar' analysis, which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended, is typically the starting point." A. Bauer Mech., Inc. v. Joint Arbitration Bd., 562 F.3d 784, 793 (7th Cir. 2009), citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Eagle Servs. Corp. v. H2O Indus. Servs., Inc., 2012 WL 3255606, at *2 (N.D. Ind. 2012). "A reasonable hourly rate should reflect the attorney's market rate, defined as 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" Small v. Richard Wolf Med. Instruments Corp., 264 F.3d 702, 707 (7th Cir. 2001), quoting Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 407 (7th Cir. 1999).

This court first concludes that the hourly rates charged by Defendant's attorneys are reasonable. Criswell stated in her affidavit that the hourly rates for the attorneys appearing in the billing statements range from $205-295, that this is a significant discount from the customary hourly rates charged by Tressler attorneys for copyright infringement matters and that these rates are reasonable and, at a minimum, reflect the prevailing market rate for similar services by attorneys of reasonably comparable skills, experience, position and reputation within both the Chicago community and the Central District. Most importantly, Criswell attached the actual bills submitted and paid for the attorneys' services. The Seventh Circuit has recognized that the "best evidence of the market value of legal services is what people will pay for it." Stark v. PPM Am., Inc., 354 F.3d 666, 675 (7th Cir. 2004); see also Johnson v. GDF, Inc, 668 F.3d 927, 933 (7th Cir. 2012). An attorney's actual billing rate is

17

"presumptively appropriate to use as the market rate." Muzikowski v. Paramount Pictures Corp., 477 F.3d 899,909 (7th Cir. 2007), quoting People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205, 90 F.3d 1307, 1310 (7th Cir. 1996).

Plaintiff argued that "it is reasonable to assume that hourly rates charged in the Central District of Illinois are 30 to 40% less than hourly rates charged in the Northern District of Illinois." However, Defendant is correct that, in making this argument, Plaintiff cited to a decision from the Central District of Illinois where attorney hourly rates of $300 and $350 were approved in a civil rights case. See Barbee v. Christy-Foltz, Inc., 2011 WL 285617, at *2 (C.D. Ill. 2011). This court agrees with Defendant that Barbee supports Defendant's position that the hourly rates charged in this case are appropriate. In addition, this court has previously approved attorney hourly rates of $350 to $585 in a copyright infringement case. See Bertam Music Co. v. P & C Enters., Inc., 2011 WL 3820661, at *5-7 (C.D. Ill. 2011). In that case, this court noted:

> Defendants have argued that the hourly rate charged by Plaintiffs' attorneys is excessive and not the "usual and customary rate for the services performed in this community." However, it was reasonable for plaintiffs to hire attorneys experienced in intellectual property litigation and copyright law to protect their interests.

Bertam Music Co., 2011 WL 3820661, at *7 n.5, citing Helfrich v. Carle Clinic Ass'n, P.C., 328 F.3d 915, 919 (7th Cir. 2003). This court concludes that the same is true here.

18

This court further concludes that the vast majority of the hours billed by Defendant's attorneys were reasonable and necessary.  "In determining the reasonable number of hours, the court should exclude hours that are 'excessive, redundant or otherwise unnecessary.'" Small, 264 F.3d at 708, quoting Hensley, 461 U.S. at 434.  "An attorney's hours are subject to the scrutiny of the court and unreasonable hours should not be compensated." People Who Care, 90 F.3d at 1314.  However, the court must have a proper basis for finding the requested hours unreasonable.  People Who Care, 90 F.3d at 1314.

This court has carefully scrutinized all of detailed billing records submitted by Defendant in this case.  This court has considered all of Plaintiff's challenges to particular entries.  Following this careful review, this court rejects most of Plaintiff's arguments.  This court accepts Defendant's argument that the time billed by various attorneys was not duplicative but, in fact, different attorneys spent time researching issues in this case based upon their expertise and experience.  In addition, the detailed billing records show that Defendant's attorneys performed a variety of different tasks and research and did not duplicate their own or other attorneys' work.  This court agrees with Defendant that the fact that two attorneys are reviewing cases on similar issues does not mean the work is duplicative.  This litigation was lengthy and, in some circumstances, the attorneys were billing for time spent updating research or researching current law.  In responding to Defendant's request for attorneys' fees, Plaintiff has expressly acknowledged that "copyright validity and registration are complicated" and that this case "involved difficult areas of copyright law."

This court additionally notes that Plaintiff objected that time spent to review what Plaintiff characterized as a "short brief" was excessive. In fact, the Reply (#15) Plaintiff referred to was 17 pages long with 41 pages of exhibits attached. This objection is without merit. This court further notes that Plaintiff objected to time billed for writing a letter to a judge which was never sent and which would be improper if it had been sent. Defendant attached the letter to its Reply (#70) and showed that a letter was sent to Judge Myerscough, a copy of which was sent to Plaintiff's counsel. This objection is clearly without merit.

However, this court has concluded that some of Plaintiff's challenges to the time billed are well taken. This court concludes that .30 hours of research regarding Chinese suppliers was not relevant to this litigation. This results in a deduction of $88.50 from the amount billed for Jacqueline Criswell's work on the case. This court also concludes that a total of 9.9 hours charged were for secretarial tasks not properly billed as attorneys' fees. This results in a deduction of $898.00 for the time billed for Jonathan M. Ramos' work on the case. In addition, this court concludes that it was not necessary to bill for two attorneys' time to participate in a telephone call regarding settlement and to review a scheduling order. This results in a deduction of 1 hour of the time billed for Nikolai Guerra's work on the case, resulting in a deduction of $205.00. These deductions total $1,191.50. This court therefore awards $107,330.50 from Defendant's original Motion for Attorneys' Fees along with the additional amount of $10,974.50 documented in Defendant's Reply in Support of its Motion for Attorneys' Fees. The total amount of reasonable attorneys' fees awarded pursuant to the Copyright Act is $118,305. Defendant is also awarded $25.96 in costs and $342.50 in

expenses.[5]

Defendant has also requested an award of attorneys' fees under 28 U.S.C. § 1927. This statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The purpose of the statute "is to deter frivolous litigation and abusive practices by attorneys" and "to ensure that those who create unnecessary costs also bear them." Kapco Mfg. Co. v. C & O Enters., Inc., 886 F.2d 1485, 1491 (7th Cir. 1989). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious" and thus sanctionable under § 1927. Dal Pozzo v. Basic Mach. Co., 463 F.3d 609, 614 (7th Cir. 2006), quoting Riddle & Assocs., P.C. v. Kelly, 414 F.3d 832. 835 (7th Cir. 2005).

Defendant argued that it is entitled to an award of attorneys' fees under § 1927 because Plaintiff's intentional failure to disclose to both the court and Defendant that its copyright application for the sculptures had been rejected by the Copyright Office needlessly

---

[5] Plaintiff did not object to the costs sought and did not include any argument challenging the $342.50 in expenses.

21

prolonged this litigation and directly resulted in Defendant incurring unnecessary fees. Defendant has set out a detailed account of defenses it researched, research which was conducted because of Plaintiff's misrepresentation that it had a valid copyright registration in the sculptures.

In its Response, Plaintiff has asserted that its counsel did not misrepresent anything and noted that an applicant may bring a claim for copyright infringement even if a copyright registration is rejected by the Copyright Office. Plaintiff has also relied heavily on the fact that Magistrate Judge Byron G. Cudmore previously declined to award attorneys' fees under § 1927.

This court's recitation of the procedural history in its Opinion ruling on Defendant's Motion for Summary Judgment indicated that Plaintiff was less than forthcoming in its original Complaint and First Amended Complaint about the status of copyright registration for the sculptures at issue. Plaintiff is correct that liability in a copyright case does not turn on registration. See Tillman v. New Line Cinema Corp., 2008 WL 5427744, at *7 (N.D. Ill. 2008). However, Plaintiff's attorneys alleged that Plaintiff had a valid registration in its sculptures, an allegation which was misleading because the Copyright Office refused Plaintiff's 2006 request to register its frosted white Regatta sculptures. This court has a more complete picture of the litigation history of this case than was available when Judge Cudmore made his prior ruling. Plaintiff has attempted to explain its allegations and claims that they were accurate and did not misrepresent the status of registration at the time they were made. This court nevertheless concludes that Plaintiff's attorneys misled Defendant and the court

22

at the beginning of this litigation when it claimed to have a valid registration and did not disclose that the Copyright Office had refused registration for its frosted white Regatta sculpture set.  This misrepresentation caused Defendant to engage in research which would not have been necessary if the true status of copyright registration had been disclosed.  This court therefore concludes that an award of attorneys' fees under § 1927 is warranted.  See Tillman, 2008 WL 5427744, at *8.  Plaintiff's counsel is ordered to pay Defendant the sum of $10,000 for its attorneys' fees.  This award is not an additional $10,000 to be paid to Defendant, but is a joint obligation of Plaintiff's attorneys and Plaintiff.  See Tillman, 2008 WL 5427744, at *10-11.  The remaining $108,305 in attorneys' fees is solely Plaintiff's responsibility.  See Tillman, 2008 WL 5427744, at *10-11.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Correct Filing (#62) is GRANTED.  The clerk is directed to file the attached Memorandum of Law in Support of its Motion to Reconsider Summary Judgment to Defendants under Rule 59(e).

(2) Plaintiff's Motion to Reconsider (#61) is DENIED.

(3) Plaintiff's Motion to Correct Citation (#68) is GRANTED.

(4) Defendant's Motion for Attorneys' Fees, Expenses and Costs (#60) is GRANTED.  Plaintiff is ordered to pay reasonable attorneys' fees pursuant to the Copyright Act in the amount of $118,305.  Defendant is also awarded $25.96 in costs and $342.50 in expenses.  Plaintiff's attorneys are ordered to pay attorneys' fees pursuant to 28 U.S.C. § 1927 in the amount of $10,000 and are jointly responsible with Plaintiff for $10,000 of the attorneys'

fees awarded.

ENTERED this <u>11th</u> day of <u>January</u>, 2013.


s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE